IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| MAKERITA LISA SATELE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION FILE NO. |
| | ) | _____ |
| FIRST ADVANTAGE BACKGROUND | ) | |
| SERVICES CORP. and RAISING | ) | |
| CANE'S RESTAURANTS, LLC | ) | |
| | ) | |
| Defendants. | ) | |

**COMPLAINT**

Plaintiff MAKERITA LISA SATELE (hereafter "Plaintiff") respectfully shows the Court the following:

NATURE OF THE ACTION

1. Defendant First Advantage Background Services Corp. ("First Advantage") is a consumer reporting agency under 15 U.S.C. § 1681a(f) that prepares and sells background check reports for employment purposes. Defendant's background check reports include information regarding consumers' criminal history and are consumer reports under 15 U.S.C. § 1681a(d)(1).

2. Defendant Raising Cane's Restaurant, LLC ("Raising Cane's") is an American fast-food chain restaurant selling chicken fingers.

1

3. Plaintiff applied for employment with Raising Cane's on or about April 2023. Plaintiff was offered conditional employment with Raising Cane's on the condition that she pass a background check.

4. In connection with Plaintiff's employment application, Raising Cane's procured a background check report on Plaintiff from First Advantage.

5. In the background check report that First Advantage prepared regarding Plaintiff and provided to Raising Cane's, First Advantage reported a misdemeanor conviction.

6. Specifically, First Advantage reported the following case from San Diego County Superior and Municipal Courts:

    a. Case Reference Number: SCN390091, misdemeanor conviction for Embezzlement by Employee, convicted on January 30, 2023 and sentenced to 1 day in jail.

7. The aforementioned case was dismissed on January 30, 2023 pursuant to California Penal Code §1203.4a for all convictions or pleas for deferred entry of judgement in the matter.

8. Because the case was dismissed, it should not have appeared on Plaintiff's background check report provided to Raising Cane's.

9. Raising Cane's also failed to provide Plaintiff with a pre-adverse action notice as required by 15 U.S.C. § 1681b.

10. Under the Fair Credit Reporting Act ("FCRA" 15 USC §1681 et *seq.*) §1681(e)(b), First Advantage was required to use reasonable procedures to ensure the *maximum possible accuracy* of the information reported regarding Plaintiff. Failing to report accurate and up to date information regarding criminal history is a clear violation of this statute.

11. First Advantage did not have defined processes to verify the accuracy or current status of the public record information provided to Raising Cane's, because information related to Plaintiff's criminal records are a matter of public record and easily verifiable and updated.

12. Plaintiff is informed, believes, and thereon alleges that First Advantage has no procedure in place to ensure that the criminal history information it furnishes to employers and prospective employers is accurate and up to date.

13. As a direct result of First Advantage's failure to verify public records, Plaintiff lost an employment opportunity with Raising Cane's.

14. Plaintiff suffered and continues to suffer actual damages and emotional distress as a result of the loss of employment.

15. Accordingly, Plaintiff seeks recovery for her actual damages, including loss of earnings, emotional distress, and damage to her reputation.

Moreover, Plaintiff seeks statutory penalties, punitive damages, as well as attorney's fees and costs.

## THE PARTIES

16. Plaintiff is an individual and a consumer as defined in 15 U.S.C. § 1681(c).

17. Plaintiff resides in Harris County, Texas.

18. First Advantage is a consumer reporting agency within the meaning of the FCRA, specifically 15 U.S.C. § 1681a(f).

19. First Advantage maintains its principal place of business at 1 Concourse Parkway, N.E., Suite 200, Atlanta, Georgia 30328 and may be served with process by serving its registered agent, Corporation Service Company, at 2 Sun Court, Suite 400, Peachtree Corners, Georgia 30092.

20. Raising Cane's is a Louisiana limited liability company that maintains its principal place of business at 100 North Street #802, Baton Rouge, LA 70802. Raising Cane's is authorized to transact business in Georgia and may be served with process by serving its registered agent, Capitol Corporate Services, Inc., at 3675 Crestwood Parkway, N.W., Suite 350, Duluth, Georgia 30096.

## JURISDICTION AND VENUE

21. The Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1331 because the claims asserted in this civil action arise under the laws of the United States, specifically 15 U.S.C. § 1681 *et seq*.

22. Venue lies properly in this District pursuant to 28 U.S.C. § 1391(b)(1) and (2).

## COUNT 1 - Violation of 15 U.S.C. § 1681e(b) against First Advantage

23. First Advantage willfully and/or recklessly violated 15 U.S.C. § 1681e(b) by failing to maintain reasonable procedures to ensure maximum possible accuracy in the consumer report that it prepared regarding Plaintiff and provided to Plaintiff's prospective employers, including Raising Cane's.

24. First Advantage's conduct was willful and/or reckless because the information regarding the dismissal of the case against Plaintiff was easily verifiable and was a matter of public record; First Advantage had no procedure in place to review those records; First Advantage had actual knowledge of its obligations under 15 U.S.C. § 1681e(b); First Advantage knew that its failure to report accurate information regarding criminal records was insufficient to assure maximum possible accuracy of the criminal history information reported; and First Advantage knew that consumers, like Plaintiff, would suffer adverse job

action and other damages as a result of its failure to comply with 15 U.S.C. § 1681e(b).

25. Plaintiff is further informed, and believes, and thereon alleges that First Advantage failed to sufficiently conduct audits, reviews, or quality control of the information it reported.

26. Alternatively, Plaintiff alleges that First Advantage's violations of 15 U.S.C. § 1681e(b) were negligent.

27. As a result of First Advantage's violations of 15 U.S.C. § 1681e(b), Plaintiff has suffered damages as alleged in Paragraphs 13-15 above in amounts to be proven at trial.

COUNT 2 - Violation of 15 U.S.C. § 1681k(a) against First Advantage

28. Plaintiff is informed and believes, and thereon alleges that First Advantage willfully and/or recklessly (1) failed to follow strict procedures to ensure that the criminal history information in the consumer report that it provided to Raising Cane's regarding Plaintiff was accurate and up to date and (2) at the time such public record information was reported to Plaintiff's prospective employer, failed to notify Plaintiff of the fact that the public record information was being reported by First Advantage, together with the name and address of the person to whom such information was being reported, thereby violating 15 U.S.C. § 1681k.

29. Alternatively, Plaintiff alleges that First Advantage's violations were negligent.

30. As a result of First Advantage's violations of 15 U.S.C. § 1681k(a), Plaintiff has suffered damages as alleged in Paragraphs 13-15 above in amounts to be proven at trial.

COUNT 3 Violation of 15 U.S.C. § 1681g against First Advantage

31. First Advantage willfully and/or recklessly violated 15 U.S.C. § 1681g of the FCRA by failing to provide Plaintiff with her full file as requested by Plaintiff.

32. First Advantage also failed to produce copies of Plaintiff's original erroneous reports.

33. First Advantage's conduct was willful and/or reckless because it knew that its production of the full consumer report would result in meritorious litigation.

34. Alternatively, Plaintiff alleges that First Advantage's violations were negligent.

35. As a result of First Advantage's violations of 15 U.S.C. § 1681g, Plaintiff has suffered damages as alleged in Paragraphs 13-15 above in amounts to be proven at trial.

COUNT 4 – Violation of 15 U.S.C. § 1681b(b)(3) against Raising Cane's

36. Plaintiff is informed and believes that Raising Cane's willfully and/or recklessly violated 15 U.S.C. § 1681b(b)(3) by taking adverse employment action and failing to provide Plaintiff with pre-adverse action notice prior to taking adverse action, specifically, failing to provide Plaintiff with a copy of the erroneous First Advantage report and the statutorily-required summary of rights under the FCRA.

37. As an employer, Raising Cane's has the duty under the FCRA to provide a copy of the consumer report before making an adverse employment decision against a prospective or existing employee to provide a meaningful opportunity to discuss the information on the report under 15 U.S.C. § 1681b(b)(3).

38. The duty to provide a pre-adverse action notice is not only one of the most important duties imposed on employers under the FCRA but has been clarified numerous times by both agency opinions and case law. Raising Cane's knew, or should have known, that it has the duty to provide pre-adverse action notice to Plaintiff.

39. Raising Cane's willful and/or reckless violation of the statute entitles Plaintiff to actual damages, punitive damages, attorney's fees as well as statutory penalties.

40. Alternatively, Plaintiff alleges that Raising Cane's conduct was negligent.

41. As a result of Raising Cane's violations of 15 U.S.C. § 1681b(b)(3), Plaintiff has suffered damages as alleged in Paragraphs 13-15 above in amounts to be proven at trial.

WHEREFORE, Plaintiff prays that:

a. The Court conduct a jury trial of all claims asserted herein.

b. For statutory, compensatory, special, general, and punitive damages according to proof and as applicable against Defendants;

c. For interest upon such damages as permitted by law;

d. For an award of reasonable attorneys' fees provided by law under all applicable statutes;

e. For the costs of the lawsuit; and

f. For such other orders of the Court and further relief as the Court deems just and proper.

This 6th day of August, 2024.

| | |
|---|---|
| **MCRAE BERTSCHI & COLE LLC**<br>1872 Independence Square, Suite D<br>Dunwoody, Georgia 30338 | */s/ Craig E. Bertschi*<br>Craig E. Bertschi<br>Georgia Bar No. 055739<br>ceb@mcraebertschi.com<br>678.999.1102 |
| **DHF LAW, P.C.**<br>2304 Huntington Drive, Suite 210<br>San Marino, CA 91108 | */s/ Devin H. Fok*<br>Devin H. Fok<br>California Bar No. 256599<br>devin@devinfoklaw.com<br>888.651.6411<br>*Pro Hac Vice Application forthcoming*<br><br>*Counsel for Plaintiff* |